IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO: 3:18-cv-271 |
| vs. ) | |
| ) | |
| DAYTON INDUSTRIAL DRUM, INC., ) | |
| INDUSTRIAL CONTAINER SERVICES, ) | |
| LLC, ) | |
| QUESTAR SOLUTIONS LLC, ) | |
| DAVID M. HUSSONG, ) | |
| DAVID M. HUSSONG AND ) | |
| CHERYL L. HUSSONG, TRUSTEES OF ) | |
| THE HUSSONG FAMILY TRUST ) | |
| DATED JANUARY 18, 2013, and ) | |
| KYLENE HUSSONG, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

The United States of America ("United States"), by authority of the Attorney General of the United States, acting at the request and on behalf of the United States Environmental Protection Agency ("EPA"), through the undersigned attorneys, files this Complaint and alleges as follows:

### **STATEMENT OF THE CASE AND GENERAL ALLEGATIONS**

<u>The Related CERCLA Litigation</u>

1. In June 2016, the United States filed a civil action in this Court pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act

of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607(a).  *See United States v. Dayton Industrial Drum, Inc., et al.*, Civ. No. 3:16-cv-232-WHR (S.D. Ohio), Dkt. 1 (the "Cost Recovery Case").

2. The two Defendants named in the Amended Complaint in the Cost Recovery Case are Defendant Dayton Industrial Drum, Inc., formerly known as Lammers Barrel Corp. ("Dayton Industrial Drum") and Defendant Sunoco, Inc.  Civ. No. 3:16-cv-232-WHR, Dkt. 4.

3. In the Cost Recovery Case, the United States seeks to recover from Defendants Dayton Industrial Drum and Sunoco, Inc. certain unreimbursed costs incurred for response activities undertaken in response to the release or threatened release of hazardous substances from facilities at and near the Lammers Barrel Superfund Site, located at the northeast corner of the intersection of Grange Hall and East Patterson roads, Beavercreek, Greene County, Ohio (hereinafter the "Site"), pursuant to CERCLA Section 107(a).

4. In the Cost Recovery Case, the United States also seeks a declaratory judgment, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), declaring that Dayton Industrial Drum and Sunoco, Inc. are each jointly and severally liable for any further response costs that the United States may incur in connection with response actions that may be performed at the Site not otherwise reimbursed.

5. The United States has incurred more than $1.8 million in net, unreimbursed past response costs through July 31, 2016 at the Site.  Pursuant to CERCLA, Dayton Industrial Drum and Sunoco, Inc. are each jointly and severally liable for these unreimbursed past response costs. The United States has incurred additional unreimbursed response costs since July 31, 2016 and will continue to incur additional response costs.  The United States is statutorily entitled to an entry of a declaratory judgment against Dayton Industrial Drum and Sunoco, Inc. for any further response costs that the United States will incur at the Site as cleanup continues.

6. In April 2017, the Lammers Barrel PRP Group sued Dayton Industrial Drum and others to recover more than $6 million in response costs at the Site. *See Lammers Barrel PRP Group v. Dayton Industrial Drum, Inc., et al.*, Civ. No. 3:17-cv-135-WHR (S.D. Ohio), Dkt. 1 at 2 (the "Contribution Case").

The Fraudulent Transfer of Dayton Industrial Drum's Assets

7. In December 2017, while the Cost Recovery Case and the Contribution Case were pending, Dayton Industrial Drum entered into an Asset Purchase Agreement with two purchasers, Industrial Container Services, LLC and Questar Solutions LLC (collectively, the "Purchaser Defendants"). The Asset Purchase Agreement described the sale as a conveyance of "substantially all" of Dayton Industrial Drum's assets to the Purchaser Defendants.

8. The Cost Recovery Case and the Contribution Case are referenced and described in a Schedule appended to the Asset Purchase Agreement.

9. Dayton Industrial Drum did not inform the United States of the sale of the company's assets.

10. In February 2018, counsel for the United States became aware of the sale of Dayton Industrial Drum's assets through independent research.

11. Before the asset sale, members of the Hussong family owned and operated Dayton Industrial Drum's business as its officers and shareholders, with David M. Hussong serving as the corporation's President and his daughter Kylene Hussong serving as its Vice President.

12. The Asset Purchase Agreement provides that a substantial portion of the amount defined as the "Total Consideration" is to be paid not to Dayton Industrial Drum, but to members of the Hussong family and a family trust that they control.

13. Specifically, one portion of the Total Consideration is payable to "David M. Hussong, an Ohio resident individual, and David M. Hussong and Cheryl M. Hussong, Trustees of the Hussong Family Trust dated January 18, 2013" (defined collectively in the Asset Purchase Agreement as the "Shareholder"). A separate portion of the Total Consideration is payable to "Kylene Hussong, an Ohio resident individual." David M. Hussong, David M. Hussong and Cheryl M. Hussong, Trustees of the Hussong Family Trust dated January 18, 2013, and Kylene Hussong are referred to collectively hereinafter as the "Insider Defendants."

14. The Asset Purchase Agreement requires the Purchaser Defendants to make the above-referenced payments to the Insider Defendants in installments over several years, commencing in early 2018.

15. The Asset Purchase Agreement characterizes the payments to the Insider Defendants as being made in consideration of the payees' agreements restricting their ability to compete with the Purchaser Defendants.

16. Each of the Insider Defendants qualifies as an "insider" within the meaning of Section 3301(5) of the FDCPA, 28 U.S.C. § 3301(5).

17. The Asset Purchase Agreement accomplished a "transfer" of "assets" within the meaning of Sections 3301(2) and 3301(6) of the FDCPA, 28 U.S.C. §§ 3301(2) and 3301(6).

18. The Asset Purchase Agreement accomplished a transfer of the assets of Dayton Industrial Drum that was and is fraudulent as to a debt to the United States.

19. On information and belief, this fraudulent transfer was executed as an attempt to avoid Dayton Industrial Drum's debt to the United States on its CERCLA claim asserted in the Cost Recovery Case.

20. Dayton Industrial Drum did not receive a reasonably equivalent value in exchange for the transfer of its assets to the Purchaser Defendants because a substantial portion of the Total Consideration payable by the Purchaser Defendants was disguised and assigned to the Insider Defendants.

21. The Asset Purchase Agreement was signed at a time when the Defendants knew or should have known that Dayton Industrial Drum may be held liable for costs incurred by the United States and the Lammers Barrel PRP Group in connection with the cleanup of the Site.

22. The United States therefore brings a claim under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3301-3308 ("FDCPA"), for appropriate relief with respect to the fraudulent transfer under 28 U.S.C. § 3306(a).

## JURISDICTION AND VENUE

23. This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to 28 U.S.C. §§ 3304(b)(1)(a) and 3304(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345.

24. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendants reside and/or did business in this judicial district and this is the district in which the claims arose.

## THE DEFENDANTS

25. Dayton Industrial Drum is an Ohio corporation formerly known as Lammers Barrel Corp. with its principal place of business at 1880 Radio Road, Dayton, Ohio. It is a "person" within the meaning of Section 3002(10) of the FDCPA, 28 U.S.C. § 3002(10).

26. Industrial Container Services, LLC ("Industrial Container Services") is a limited liability corporation, organized under the law of the State of Delaware, and is a "person" within

the meaning of Section 3002(10) of the FDCPA, 28 U.S.C. § 3002(10). Industrial Container Services is identified as a "Buyer" of Dayton Industrial Drum's assets in the Asset Purchase Agreement. According to a public announcement made by Industrial Container Services, Industrial Container Services acquired the steel drum reconditioning and container distribution business of Dayton Industrial Drum in December 2017. Industrial Container Services is one of the "Purchaser Defendants," as referenced above.

27. Questar Solutions LLC ("Questar Solutions") is a limited liability corporation, organized under the law of the State of Delaware, and is a "person" within the meaning of Section 3002(10) of the FDCPA, 28 U.S.C. § 3002(10). Questar Solutions is identified as a "Buyer" of Dayton Industrial Drum's assets in the Asset Purchase Agreement. According to Industrial Container Services' announcement of the purchase, Questar Solutions is an existing operating entity of Industrial Container Services that is responsible for managing the acquired steel drum reconditioning and container distribution business of Dayton Industrial Drum. Questar Solutions is one of the "Purchaser Defendants" in this action, as referenced above.

28. David M. Hussong is an individual who resides in the State of Ohio and is a "person" within the meaning of Section 3002(10) of the FDCPA, 28 U.S.C. § 3002(10). Mr. Hussong is the President of Dayton Industrial Drum. Mr. Hussong is identified as a "Shareholder" of Dayton Industrial Drum in the Asset Purchase Agreement. As referenced above, David M. Hussong is one of the "Insider Defendants" in this action, in his individual capacity.

29. On information and belief, David M. Hussong and Cheryl L. Hussong are Trustees of the Hussong Family Trust dated January 18, 2013. Like Mr. Hussong, Cheryl L. Hussong is a "person" within the meaning of Section 3002(10) of the FDCPA, 28 U.S.C.

§ 3002(10). The Asset Purchase Agreement defines the term "Shareholder" as including David M. Hussong and Cheryl L. Hussong, Trustees of the Hussong Family Trust dated January 18, 2013. As referenced above, David M. Hussong and Cheryl L. Hussong are "Insider Defendants" in this action, in their capacity as Trustees of the Hussong Family Trust dated January 18, 2013.

30. On information and belief, David M. Hussong, Cheryl M. Hussong, and/or the Hussong Family Trust dated January 18, 2013 have received and continue to receive Shareholder payments from the Purchaser Defendants pursuant to a fraudulent transfer of the assets of Dayton Industrial Drum, in derogation of the rights of the United States.

31. Kylene Hussong is an individual who resides in the State of Ohio and is a "person" within the meaning of Section 3002(10) of the FDCPA, 28 U.S.C. § 3002(10). Kylene Hussong is the Vice President of Dayton Industrial Drum. As referenced above, Kylene Hussong is one of the "Insider Defendants" in this action, in her individual capacity.

32. On information and belief, Kylene Hussong has received and continues to receive payments from the Purchaser Defendants pursuant to a fraudulent transfer of the assets of Dayton Industrial Drum, in derogation of the rights of the United States.

33. Each of the Defendants is a person who claims an interest relating to the subject matter of this action and without whom complete relief cannot be afforded in this action under Federal Rule of Civil Procedure Rule 19(a) and 28 U.S.C. §§ 3012, 3013, and 3306(a). Each Defendant is a person reasonably believed to owe money to the United States under 28 U.S.C. § 3012.

**CLAIM FOR RELIEF**

34. Paragraphs 1 to 33 are realleged and incorporated herein by reference.

35. The United States' claim for past and future response costs associated with response actions undertaken and to be undertaken at the Site constitutes a debt to the United States within the meaning of Section 3002(3) of the FDCPA, 28 U.S.C. § 3002(3).

36. That debt arose before Dayton Industrial Drum transferred substantially all of its operating assets to Industrial Container Services and/or Questar Solutions.

37. On information and belief, Defendants signed the Asset Purchase Agreement that provides for the transfer of Dayton Industrial Drum's assets with actual intent to hinder, delay, or defraud the United States, within the meaning of Section 3304(b)(1)(A) of the FDCPA, 28 U.S.C. § 3304(b)(1)(A).

38. On information and belief, Defendants engaged in the transfer of assets described in the Asset Purchase Agreement without receiving reasonably equivalent value for Dayton Industrial Drum within the meaning of Section 3304(b)(1)(B) of the FDCPA, 28 U.S.C. § 3304(b)(1)(B).

39. When the Asset Purchase Agreement was signed, Defendants believed or reasonably should have believed that Dayton Industrial Drum would incur debts beyond its ability to pay as they became due, within the meaning of Section 3304(b)(1)(B)(ii) of the FDCPA, 28 U.S.C. § 3304(b)(1)(B)(ii).

40. By reason of the foregoing, the transfer of assets described in the Asset Purchase Agreement is fraudulent within the meaning of Section 3304(b) of the FDCPA, 28 U.S.C. § 3304(b), with respect to Dayton Industrial Drum's debt to the United States for the response costs incurred and to be incurred in connection with the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

    A.    Grant the United States appropriate prejudgment relief, in accordance with 28 U.S.C. §§ 3101–3105, with respect to the transfer of Dayton Industrial Drum's assets, including prejudgment relief addressing the past and future payments from the Purchaser Defendants to the Insider Defendants pursuant to the Asset Purchase Agreement;

    B.    Enter a declaratory judgment pursuant to Section 3306(a) of the FDCPA, 28 U.S.C. § 3306(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, that the transfer of Dayton Industrial Drum's assets, including the Insider Defendants' claimed right to receive payments from the Purchaser Defendants pursuant to the Asset Purchase Agreement, was and is fraudulent with respect to Dayton Industrial Drum's debt to the United States;

    C.    Grant the United States a remedy pursuant to Section 3306(a) of the FDCPA, 28 U.S.C. § 3306(a), against the assets transferred or other property of the Defendants, or any other relief the circumstances may require, as necessary to satisfy Dayton Industrial Drum's debt to the United States;

    D.    Award the United States the costs of this action; and

    E.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES

KAREN S. DWORKIN
Deputy Section Chief,
Environmental Enforcement Section
U.S. Department of Justice

*s/Kristin M. Furrie*
KRISTIN M. FURRIE
Senior Counsel
ASHLEIGH G. MORRIS
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044
(202) 616-8834
Ashleigh.Morris@usdoj.gov


BENJAMIN C. GLASSMAN
Acting United States Attorney
Southern District of Ohio


MATTHEW J. HORWITZ (Ohio 0082381)
Assistant United States Attorney
Southern District of Ohio
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-6823
Matthew.Horwitz@usdoj.gov

Of Counsel:
MARIA GONZALEZ
Associate Regional Counsel
U.S. Environmental Protection Agency - Region 5
77 W. Jackson Blvd. (C-14J)
Chicago, Illinois  60604

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Dayton Industrial Drum, Inc. et al.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Greene County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attachment

Attorneys *(If Known)*
See attachment

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | [X] 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 3304

Brief description of cause:
Claim under the Federal Debt Collection Procedures Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: The Hon. Walter H. Rice
DOCKET NUMBER: 3:16-cv-232, 3:17-cv-135

DATE: 08/13/2018
SIGNATURE OF ATTORNEY OF RECORD: s/ Kristin M. Furrie

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# CIVIL COVER SHEET

## Attachment in the Matter *United States v. Dayton Industrial Drum, Inc. et al.*

I(c): ATTORNEYS OF RECORD FOR PLAINTIFFS

Kristin M. Furrie
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
202-616-6515

Ashleigh G. Morris
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
202-616-8834


I(c): ATTORNEYS OF RECORD FOR DEFENDANTS

The United States does not know the identity of the attorneys for the Defendants in this new action. In the related action, *United States v. Dayton Industrial Drum, Inc.*, the following counsel represent Dayton Industrial Drum, Inc.:

Timothy David Hoffman
Dinsmore & Shohl LLP
1100 Courthouse Plaza SW
10 N. Ludlow Street
Dayton, OH 45402
937-449-2847
937-449-2834 (fax)
tim.hoffman@dinsmore.com

Steve N Siegel
Dinsmore & Shohl LLP
1 S. Main St.
Suite 1300
Dayton, OH 45402
513-977-8261
937-449-6405 (fax)
steve.siegel@dinsmore.com

Steve N Siegel
Dinsmore & Shohl LLP
1 S. Main St.
Suite 1300

Dayton, OH 45402
513-977-8261
937-449-6405 (fax)
steve.siegel@dinsmore.com